**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

FABIAN HUMBERTO TOVAR CAICEDO,

                Petitioner,

        v.

WARDEN, FCI FORT DIX,

                Respondent.

Civil Action No. 25-709 (JXN)

**OPINION**

**NEALS**, District Judge

Before the Court is *pro se* Petitioner Fabian Humberto Tovar Caicedo's ("Petitioner") Petition for Writ of Habeas Corpus ("Petition") challenging the Bureau of Prison's ("BOP") determination that he is ineligible to apply First Step Act ("FSA") time credits pursuant to 28 U.S.C. § 2241 (ECF No. 1) and Motions to Expedite (ECF Nos. 10, 11). Respondent filed an answer (ECF No. 7) and Petitioner replied (ECF No. 9). For the reasons expressed below, the Petition is **DENIED**.

## I.    BACKGROUND

Petitioner is a federal prisoner confined in the Federal Correctional Institution Fort Dix, Fort Dix, New Jersey ("FCI Fort Dix"). (ECF No. 1 at 1.) On April 25, 2023, Petitioner was sentenced in the United States District Court for the Eastern District of Virginia to a term of 144 months' imprisonment. (ECF No. 7-1 at 2, 7.) That sentence was later reduced to eighty (80) months imprisonment. (*Id.*)

On January 24, 2025, Petitioner filed his Petition challenging the Federal Bureau of Prisons' ("BOP") determination that Petitioner is ineligible to apply his FSA time credits based on

a "bogus" final order of removal. (*See* ECF No. 1 at 6.) Petitioner argues that the BOP is purposely misusing the "Notice and Order of Expedited Removal" to deny Petitioner FSA time credits in violation of the FSA, "statutory rights, due process, the Fifth Amendment, Eighth Amendment, and the [Administrative Procedure Act ("APA")]." (*Id.*) Respondent argued that, based on his final order of removal, Petitioner is now ineligible to apply his earned time credits. (ECF No. 7.) Petitioner replied. (ECF No. 9.)

## II.    LEGAL STANDARD

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).  A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).

## III.    DISCUSSION

In his Petition, Petitioner seeks an order instructing the BOP to change his status to eligible to apply his earned FSA credits because he does not have a final order of removal or deportation issued by an immigration judge. (ECF No. 1 at 7, 10-11.) The Court finds that Petitioner is barred from applying his earned FSA credits based on his order of removal.[1]

### A.  Petitioner's FSA Claim

The FSA, enacted on December 21, 2018, directed the BOP to develop recidivism-reduction programming and incentives for federal prisoners. 18 U.S.C. § 3632(a)-(d). Under the

---

[1] The Court notes that Respondent argues and Petitioner acknowledges that Petitioner has failed to exhaust his administrative remedies. (ECF No. 1 at 6, 9; ECF No. at 6-10.) However, even if a petitioner fails to exhaust a § 2241 habeas claim, a court has discretion to either excuse the faulty exhaustion and reach the merits or require the petitioner to exhaust administrative remedies before proceeding in court. *Ridley v. Smith*, 179 F. App'x 109, 111 (3d Cir. 2006) (citations omitted). Here, Petitioner is not entitled to relief on the merits. Thus, it will not promote the goals of administrative exhaustion to dismiss the petition without prejudice for Petitioner to proceed with exhausting his administrative remedies. The Court will exercise its discretion to reach the merits of Petitioner's habeas claim.

FSA, eligible inmates who successfully participate in recidivism-reduction programming earn time credits, which can be applied toward prerelease custody or early transfer to supervised release. 18 U.S.C. § 3632(d)(4)(A), 18 U.S.C. § 3624(g). The FSA, however, explicitly bars certain inmates from earning or applying FSA time credit. 18 U.S.C. § 3632(d)(4)(D)-(E).

An inmate can earn ten (10) days of credit for every thirty (30) days of successful participation. *See id.* § 3632(d)(4)(A)(i). Furthermore, eligible inmates assessed at a minimum or low risk of recidivism who do not increase their risk of recidivism over two (2) consecutive assessments may earn five (5) additional days of time credit for every thirty (30) days of successful participation, for a total of fifteen (15) days' time credit per thirty (30) days' successful participation. *See id.* § 3632(d)(4)(A)(ii).

While the Act provides inmates who engage in recidivism reduction training an opportunity to obtain credits to apply towards their early release, the statute explicitly states that a prisoner "is ineligible to apply time credits [to reduce his sentence] if the prisoner is the subject of a final order of removal under any provision of the immigration laws." 18 U.S.C. § 3632(d)(4)(E)(i). The statute thus bars any inmate subject to a final order of removal from receiving FSA credits or applying any previously earned credits toward early supervised release. *See, e.g., Deras-Lopez v. Thompson*, No. 25-156, 2025 WL 99638, at *2 (D.N.J. Jan. 15, 2025); *see also, e.g., Canchingre v. Cruz*, No. 23-20486, 2024 WL 2130697, at *1 (D.N.J. May 13, 2024). This includes any credits that had been "earned" prior to the issuance of a final order of removal. *See Sanchez-Leyva v. Warden, FCI Ft. Dix*, No. 24-06118, 2024 WL 4249544, at *2 (D.N.J. Sept. 20, 2024) ("The [Act] thus bars any inmate who is subject to a final order of removal from . . . applying any previously earned credits towards early supervised release.")

3

Respondent has provided the Court with a copy of the Department of Homeland Security ("DHS") Notice and Order of Expedited Removal ("Removal Order"). (ECF No. 7-1 at 10-11.) According to the Removal Order, DHS determined that Petitioner was inadmissible because he was a citizen of Colombia, was "paroled into the United States on September 9, 2022, at or near Washington, D.C., for the purpose of prosecution" and was "an immigrant not in possession of a valid unexpired immigrant visa . . . or other valid entry document . . . ." (*Id.*) DHS ordered Petitioners expedited removal pursuant to § 235(b)(1) of the Immigration and Nationality Act (Immigration Act), 8 U.S.C. § 1225(b)(1). (*Id.*) Upon the issuance of that order, Petitioner became statutorily ineligible to apply any of his FSA credits towards his release, and the text of the statute itself thus mandated the BOP's decision not to apply those credits or release Petitioner.

Petitioner argues that Respondents are "fraudulently masquerading" a "Notice of Removal" as a "Final Order for Removal." (ECF No. 1 at 10.) Petitioner argues that a final order of removal is only issued by an immigration judge after a hearing. (*Id.*) Petitioner claims that any order not signed by an immigration judge is "void." (*Id.*) Petitioner argues that he does not have a final order of removal, as he has not yet had an immigration proceeding before the immigration court. (*Id.*) However, the definition of "final order" includes those orders defined as final by Title 8, chapter 12, "and all laws, conventions, and treaties of the United States relating to the immigration, exclusion, deportation, expulsion, or removal of aliens." 8 U.S.C. § 1101(a)(17). "[A] 'final order of removal' is a final order 'concluding that the alien is deportable or ordering deportation.'" *Nasrallah v. Barr*, 590 U.S. 573, 579 (2020) (quoting 8 U.S.C. § 1101(a)(47)(A)). Here, DHS issued the Notice and Order of Expedited Removal. Immigration officers can issue expedited orders of removal "without further hearing or review . . . ." 8 U.S.C. § 1225(b)(1)(A)(i). These determinations are not subject to administrative review or judicial review in a habeas corpus

4

petition. 8 U.S.C. § 1225(b)(1)(C); *Nasrallah*, 590 U.S. at 580 ("[F]inal orders of removal may not be reviewed in district courts, even via habeas corpus . . . .") Therefore, Petitioner's Removal Order is a final order of removal, and he is not eligible to have FSA time credits applied to his sentence. *See Posligua v. Thompson*, No. 23-22337, 2024 WL 2818276, at *1 (D.N.J. May 31, 2024) (finding that the petitioner's expedited order of removal was final for purposes of his ineligibility to apply Act time credits).

## B. Petitioner's Due Process and Fifth Amendment Claims

Petitioner claims that the BOP is using a "bogus final order of removal" to deny him FSA time credits by "rendering [him] ineligible to earn and apply credits in violation of [] due process, the Fifth Amendment, the Eighth Amendment, and the APA.[2]" (ECF No. 1 at 6.) Petitioner argues only that he is entitled to the same procedural protections afforded in a criminal proceeding, and he was not informed of his rights, including his right to counsel. (*Id.* at 10.)

Petitioner's argument that he was entitled to procedural protections, such as being informed of his rights and being provided with counsel, is a challenge to his final, expedited removal order entered pursuant to 8 U.S.C. § 1225(b)(1). This Court's jurisdiction over challenges to such removal orders, however, is extremely limited. As the Third Circuit has explained, 8 U.S.C. § 1252 expressly limits the jurisdiction of District Courts to consider challenges to expedited removal orders to three questions: whether the petitioner is a noncitizen, whether he was ordered removed, and whether he can show he was previously lawfully admitted for permanent residence, as a refugee, or granted asylum, without that status being terminated. *See Castro v. United States*, 835 F.3d 422, 430 (3d Cir. 2016) (discussing 8 U.S.C. § 1252(e)). Where, as here, the petitioner admits he is not a United States citizen and does not assert he was relevantly lawfully admitted — in this

---

[2] Although Petitioner indicates that he is bringing Eighth Amendment and APA claims, the Petition fails to raise any such claim.

case, Petitioner was paroled into the United States solely for criminal prosecution — the Court's jurisdiction is limited to "whether [an expedited removal order] in fact was issued and whether it relates to the petitioner." *Id.* Thus, a reviewing court can only determine "whether an immigration officer issued that piece of paper and whether the petitioner is the same person referred to in that order." *Id.* at 431 (internal quotations omitted).

Thus, absent a viable claim that the statute violates the suspension clause as applied to Petitioner, Petitioner's challenges to his expedited removal order are barred by § 1252, and this Court may only determine whether the expedited order Petitioner seeks to challenge was issued and does apply to him. *Id.* As to those questions, the answer is clear — the order was issued, and it clearly refers to Petitioner. (*See* ECF No. 7-1 at 10-11.) Petitioner, therefore, has a final, expedited order of removal that applies to him, and this Court cannot review that order or the process which led to its issuance unless Petitioner can show that 8 U.S.C. § 1252 violates the suspension clause as applied to him.

Noncitizens apprehended at or near the border or a port of entry generally cannot mount a suspension clause challenge to § 1252 absent the development of a special relationship between the noncitizen and the United States or a particular state, which creates "significant ties to this country" that would warrant additional procedural protections beyond those normally available to such aliens. *See Osorio-Martinez v. Att'y Gen.*, 893 F.3d 153, 166-67, (3d Cir. 2018). The only such relationship the Third Circuit has recognized as creating such "significant ties" is the grant of Special Immigrant Juvenile status, which Petitioner does not allege he possesses. *Id.* at 168. As Petitioner does not appear to have developed any special relationship with the United States during his time in this country — all of which has been spent in criminal detention following his parole into the United States solely for the purposes of criminal prosecution — binding caselaw indicates

6

that he cannot invoke the suspension clause to overcome the jurisdictional limitations of § 1252 on the record currently before the Court. *Osorio-Martinez*, 166-68; *Castro*, 835 F.3d at 444-48. Petitioner's due process and Fifth Amendment claims must therefore be dismissed without prejudice as this Court lacks jurisdiction to address Petitioner's challenges to his expedited removal order in the absence of a clear violation of the Suspension Clause.

## IV.    CONCLUSION

For the reasons expressed above, the Petition (ECF No. 1) is **DENIED without prejudice**. Petitioner's Motions to Expedite (ECF Nos. 10, 11) are **DISMISSED *as moot***. An appropriate Order follows.


**DATED**: 4/22/2026

JULIEN XAVIER NEALS
United States District Judge