**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| FABIAN HUMBERTO TOVAR CAICEDO,<br>Petitioner,<br>v.<br>WARDEN, FCI FORT DIX,<br>Respondent. | Civil Action No. 25-709 (JXN)<br><br>**MEMORANDUM AND ORDER** |

**NEALS**, District Judge

Before the Court is Petitioner Fabian Humerto Tovar Caicedo's ("Petitioner") Motion to Reopen the Time to Appeal ("Motion") pursuant to Federal Rule of Appellate Procedure 4(a)(6) (ECF No. 15) and Petitioner's Motion for Leave to Appeal *in forma pauperis* ("IFP") (ECF No. 20)[1].

Petitioner is a federal prisoner confined in the Federal Correctional Institution Fort Dix, Fort Dix, New Jersey ("FCI Fort Dix"). (ECF No. 1 at 1.)

On January 24, 2025, Petitioner filed his habeas petition challenging the Federal Bureau of Prisons' determination that Petitioner is ineligible to apply his First Step Act time credits based on a "bogus" final order of removal. (*See* ECF No. 1 at 6.) Respondents filed an answer (ECF No. 7), and Petitioner replied (ECF No. 9). On April 22, 2026, the Court denied the petition without prejudice. (ECF Nos. 13, 14.)

---

[1] The Court has reviewed Petitioner's IFP application and authorizes leave to proceed IFP on appeal. *See* Federal Rule of Appellate Procedure 24(a)(1).

On May 26, 2026,[2] Petitioner filed his Motion pursuant to Fed. R. App. P. 4(a)(6), seeking to reopen the time for filing a notice of appeal. (*See* ECF No. 15.) Petitioner submits that he did not receive a copy of the Court's April 22, 2026, Opinion and Order and had "recently" been made aware that his Petition was denied. (*Id.* at 1.) Petitioner requested copies of the Court's April 22, 2026, Opinion and Order. (*Id.*)

On July 23, 2026, Petitioner filed an appeal with the Third Circuit Court of Appeals. (*See* ECF No. 18.) On August 6, 2026, the Third Circuit stayed Petitioner's appeal pending disposition of the instant Motion. (*See* ECF No. 19.) On August 31, 2026, Petitioner filed his Motion to proceed IFP on appeal. (ECF No. 20.)

Generally, a petitioner must file his notice of appeal within 30 days from the entry of the order. *See* Fed. R. App. P. 4(a)(1). Federal Rule of Appellate Procedure 4(a)(6) also provides a mechanism for extending a Petitioner's time to file a notice of appeal. Rule 4(a)(6) provides:

> The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:
>
> (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
>
> (B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and
>
> (C) the court finds that no party would be prejudiced.

Fed. R. App. P. 4(a)(6).

---

[2] Although the Motion was received by the Court on June 2, 2026, it was dated and signed by Petitioner on May 26, 2026. (*See* ECF No. 15 at 1.) Under the prison mailbox rule, the Court will accept the date Petitioner signed his Motion, May 26, 2026, as the filing date, rather than the date the Court actually received his Motion. *See, e.g.*, *Pabon v. Mahanoy*, 654 F.3d 385, 391 n.8 (3d Cir. 2011) ("The federal 'prisoner mailbox rule' provides that a document is deemed filed on the date it is given to prison officials for mailing.").

The time limits set forth in Rule 4(a)(6) are "mandatory and jurisdictional" and "are not subject to equitable modification." *Baker v. United States*, 670 F.3d 448, 454–56 (3d Cir. 2012). The 180-day time period is the "outer limit" to file a motion to reopen and "'[a]n appeal cannot be brought more than 180 days after entry, no matter what the circumstances.'" *Id.* at 456 (quoting 2005 Advisory Committee Notes to Appellate Rule 4(a)(6)). Just as a court may not *extend* the 180-day limit, a court may also not "exclude time lost due to prison delay in calculating the timeliness" of an appeal under Rule 4(a)(6). *Id.* at 456–60.

Here, on May 26, 2026, thirty-four days after the Court entered its April 22, 2026 Opinion and Order, Petitioner filed his Motion indicating that he had not received a copy of the Court's Opinion and Order, requesting a copy, and seeking to reopen the time to appeal. (ECF No. 15.) Petitioner submitted a supporting declaration, declaring that as of the May 26, 2026 Motion, Petitioner had not received a copy of the Court's April 22, 2026 Opinion and Order and that when a third party with access to the Court's docketing system informed of the Court's decision denying his Petition, he acted promptly to request a copy and to seek reopening of his time to appeal. (*See id.* at 2-3.) The Court accepts Petitioner's assertion that he had not received notice of the entry of judgment sought to be appealed within 21 days after the entry. Fed. R. App. P. 4(a)(6)(A). Petitioner filed his Motion within 180 days after the judgment was entered. Fed. R. App. P. 4(a)(6)(B). Finally, as Petitioner's Motion was promptly filed, the Court finds no party would be prejudiced by granting Petitioner's Motion to reopen his time for filing an appeal. Fed. R. App. P. 4(a)(6)(C).

As all three conditions set forth in Federal Rule of Appellate Procedure 4(a)(6) are satisfied, the Court will grant Petitioner's Motion to reopen the time to file an appeal from the judgment. Accordingly,

**IT IS**, on this 2nd day of September 2026,

**ORDERED** that Petitioner's motion to proceed IFP on appeal (ECF No. 20) is **GRANTED**; it is further

**ORDERED** that Petitioner's Motion to reopen the time to file an appeal (ECF No. 15) is **GRANTED**; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of the Court's April 22, 2026 Opinion and Order (ECF Nos. 13, 14) and this Order upon Petitioner by regular U.S. mail.

**JULIEN XAVIER NEALS**
**United States District Judge**